# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1698V

|  |  |
|---|---|
| CARRIE PARENT,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 26, 2023 |

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.*

*Katherine Carr Esposito, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 30, 2020, Carrie Parent filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries related to vaccine administration (SIRVA) caused by the adverse effects and/or the administration of an influenza (flu) vaccination received on November 2, 2018. Petition, ECF No. 1. On January 13, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 35.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $33,748.09 (representing $31,036.85 for attorney's fees and $2,711.24 for attorney's costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed June 9, 2023, ECF No. 40. In accordance with General Order No. 9, Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 40-3.

Respondent reacted to the motion on June 9, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 41. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 40-2. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$33,748.09 (representing $31,036.85 for attorney's fees and $2,711.24 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Bruce W. Slane.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.